**Betty Yates VAN SKIKE, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24503.**

United States Court of Appeals
Fifth Circuit.

July 11, 1968.

John P. Farrar, Clyde W. Woody, Houston, Tex., for appellant.

Lonny F. Zwiener, Austin, Tex., for appellee.

Before JONES, WISDOM, and THORNBERRY, Circuit Judges.

WISDOM, Circuit Judge:

In June 1964 a jury found Betty Yates Van Skike guilty of murder with malice. The court sentenced her to a term of two to ten years in the state penitentiary. The Texas Court of Criminal Appeals affirmed her conviction. Van Skike v. State, 388 S.W.2d 716. The Texas Court of Criminal Appeals denied her petition for habeas corpus. June 15, 1966, she petitioned the court below for a writ of habeas corpus. She appeals from the district court's denial of this petition without a plenary hearing.

In her original petition to the district court the appellant alleged that while in a state of shock she had made certain oral statements to the investigating officer; that these statements were offered at her trial as evidence of guilt. She alleged also that other statements in writing signed by her, obtained at the police department while she was still in a condition of physical and emotional shock, were admitted at the trial as evidence of guilt. The appellant avers that no finding was made at the trial that the two statements were voluntarily made. She also asserted that she was not informed of her right to counsel—before her interrogation.

The appellant's trial began on June 10, 1964. This was twelve days before the Supreme Court decided Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and two years and three days before the Court decided Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, limits the retroactive application of these two decisions to trials begun *after* their respective dates of decision. Accordingly, the appellant's constitutional rights were not violated merely by the failure of the police to inform her before interrogation of her right to counsel.

The Supreme Court has made clear, however, that "the nonretroactivity of the decision in *Miranda* does not affect the duty of courts to consider claims that a statement was taken under circumstances which violate the standards of voluntariness which had begun to evolve long prior to our decisions in *Miranda* and *Escobedo* * * *." Davis v. State of North Carolina, 1966, 384 U.S. 737, 740, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895, 897. Accord, Clewis v. State of Texas, 1967, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed. 2d 423; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261; Goins v. Allgood, 5 Cir. 1968, 391 F.2d 692. In *Johnson* the Court added: "our case law on coerced confessions is available for persons whose trials have already been completed, *providing of course that the procedural prerequisites for direct or collateral attack are met.* See Fay v. Noia, 372 U.S. 391, [83 S.Ct. 822, 9 L.Ed. 2d 837] (1963)." 384 U.S. at 730, 86 S.Ct. at 1779, 16 L.Ed.2d 890 (emphasis added).

The appellant's oral and written statements were offered in evidence at three points in her trial. The first two occasions involved direct examination of the investigating officer, with objections, in the following form:

Q. Where was the gun?

A. It was laying on the table. She pointed it out to me.

Q. Prior to her pointing it out to you, did you know what connection, if any, the gun had with Johnnie Mead or how he met his death?

A. No sir.

Q. What did she say to you with regard to the weapon?
MR. NAHAS: Objection.
THE COURT: Overruled.
MR. NAHAS: Note our exception on the grounds it's no part of the res gestae.

* * * * *

Q. (By Mr. Ryan) In this same conversation where you recovered the gun, what did the defendant say she had done with the gun?
MR. NAHAS: We object to any of this as being entirely too remote, as being no part of the res gestae.
THE COURT: That was right at the time she showed you where the weapon was?

A. (By witness) Yes sir.
THE COURT: Overruled.
MR. NAHAS: Note our exception.

When the written statement was introduced, the following exchange took place:
MR. RYAN: We move to introduce this statement into evidence save and except the bracketed portions.
THE COURT: Submit it to Counsel.

MR. NAHAS: We ask that the jury be retired at this time, if the Court please.

THE COURT: All right. Retire the jury, Mr. Bailiff.

[Jury retired from the courtroom]

MR. NAHAS: At this time, if the Court please, we object to the introduction of the statement for the reason that a proper predicate of the necessary witnesses has not been laid by the state.

THE COURT: Is that all of your objection?

MR. NAHAS: Sir?

THE COURT: Is that all of your objection?

MR. NAHAS: Yes sir.

THE COURT: Overruled.

MR. NAHAS: Note our objection.

The appellant introduced portions of this same written statement into evidence. Also, she took the stand in her behalf and testified to many of the facts in substantially the same manner as in her written and oral statements.

 No issue on the voluntariness of either statement was requested by the appellant at her trial and none submitted to the jury or determined by the court. Her Motion for New Trial and her Amended Motion for New Trial in the state court made no mention of the issue of voluntariness. Although the appellant filed five formal bills of exception, later filing three amended bills of exception, at no time did she question the voluntariness of the statements.

In Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837, 868–869, the Court observed:

> Discretion is implicit in the statutory command that the judge, after granting the writ and holding a hearing of appropriate scope, "dispose of the matter as law and justice require," 28 U.S.C. § 2243; and discretion was the flexible concept employed by the federal courts in developing the exhaustion rule.

Where there is currently available to the petitioner a means by which allegations of a denial of due process may be presented to the state courts, as would clearly seem to be the case here, see Vernon's Ann.Texas Code Crim.Proc. Art. 11.07, as amended; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261, it is a proper exercise of discretion, under the exhaustion doctrine, to decline to consider issues not previously so presented. The district court did not err in holding that the voluntariness issue would not be entertained for the first time in the federal district court.

We hold, therefore, that the appellant's allegations do not require a plenary hearing in the district court. The district court's judgment dismissing the appellant's habeas petition is affirmed.